IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMADU MANAGANA KEITA,   *
A76 924 710
               Petitioner,   *
   v.                                    CIVIL ACTION NO. RWT-05-1252
                                *
DOUGLAS C. DEVENYNS, et al.,
               Respondents.   *
                                   ******

## MEMORANDUM OPINION

Petitioner Amadu Managana Keita filed this 28 U.S.C. § 2241 petition for habeas corpus relief on May 9, 2005, challenging his continued post-removal-order detention under Zadvydas v. Davis, 533 U.S. 678 (2001).[1]  (Paper No. 1).  In addition, Petitioner seemingly attacks his final order of removal. On May 12, 2005, the undersigned ordered Respondents to answer the Petition. (Paper No. 3).  On August 18, 2005, the Court directed that Petitioner's order of removal be stayed during the pendency of the district court case. (Paper No. 6).

On June 14, 2005, a response was filed. (Paper No. 4).  Petitioner filed a reply thereto on September 7, 2005.  (Paper No. 8).[2]  For reasons to follow, the Court shall bifurcate the matter by: (i) taking jurisdiction over Petitioner's § 2241 claim regarding his continued detention and dismissing the same; and (ii) transferring that portion of the Petition which attacks Petitioner's order

---

[1] The Petition was filed by Randall L. Johnson, Esquire on behalf of Amadu Mangana Keita, a Department of Homeland Security detainee. (Paper No. 1). On May 10, 2005, the Clerk notified Mr. Johnson, through written correspondence, that court records indicated that Mr. Johnson was not a member of the bar of this court. Mr. Johnson was further advised that the Petition had been accepted for filing and docketed but his appearance had not been entered and would not be entered unless and until he became a member of this court's bar and filed a notice of appearance in this case. (Paper No. 2). To date, Johnson had not entered his appearance in this case.

[2] The Reply was docketed as Petitioner's reply and as a Motion for Extension of Time. A review of the reply demonstrates that it does not contain a request for extension of time. Accordingly, the Motion for Extension of Time, apparently docketed in error, shall be denied.

of removal to the United States Court of Appeals for the Fourth Circuit based on the Real ID Act of 2005 ("RIDA" or "the Act").

## I.  Factual Background

Petitioner is a native and citizen of Sierra Leone who entered the United States on or about August 9, 1998, without being inspected, admitted or paroled. (Paper No. 4 at Ex. A). During his removal proceedings, Petitioner sought to apply for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") granted Petitioner's applications for asylum and withholding of removal on February 22, 2002. (Id., Ex. B). The IJ did not address Petitioner's application under CAT. DHS appealed the decision of the IJ to the Board of Immigration Appeals ("BIA"). On December 15, 2003, the BIA vacated the IJ's grants of asylum and withholding of removal and found that Petitioner was ineligible for protection under CAT. The BIA ordered Petitioner's removal to Sierra Leone. (Id.) Petitioner did not appeal the BIA's decision. He was taken into ICE custody on February 28, 2005. (Paper No. 1). Petitioner filed a motion to reopen his removal proceedings on May 9, 2005. (Paper No. 1). DHS has opposed the motion, which remains pending before the BIA.

## II.  Analysis

### Challenge to Post-Removal-Order Detention

To the extent Petitioner seeks judicial review over his continued detention, the Court shall dismiss the Petition without prejudice. Petitioner challenges the lawfulness of his continued detention under Immigration and Naturalization Act § 241(a), 8 U.S.C. § 1231(a). The Court finds, however, that Petitioner's post-removal-order custody did not, at the time of filing, violate the dictates of the statute or Zadvydas.

In Zadvydas, the Supreme Court held that INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States, generally permits the detention of such an alien under a final order of removal only for a period reasonably necessary to bring about that alien's removal from the United States.[3]  Zadvydas, 533 U.S. at 701.  Associate Justice Stephen G. Breyer, writing for the majority, concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." Id.  After six months, if an alien can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention.  Id.

Petitioner was not taken into ICE custody until February 28, 2005.  Paper No. 1.  Therefore, the six month presumptively reasonable period during which Petitioner may be detained did not expire until August 28, 2005.  On August 18, 2005, however, this Court issued a stay of Petitioner's removal before the expiration of the 6-month period discussed in Zadvydas.  Under INA, § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii), if a removal order is judicially reviewed and a court orders a stay of removal of the alien, the date of the court's final order commences the removal period.  Once this Petition is decided and the stay of removal is lifted, the removal period will recommence.  Consequently, the Court finds that Petitioner's continued detention does not violate statute or due process.  This portion of the Petition shall be dismissed without prejudice.

## Statutory Challenge to Order of Removal

---

[3]     The scope of Zadvydas has been broadened to afford the same due process protections to inadmissible aliens.  See Clark v. Suarez-Martinez, 125 S.Ct. 716, 722-23 (2005).

The pro se petitioner appears to assert that he should not be removed from the United States because the BIA erred in vacating the IJ's grant of his applications for asylum, withholding of removal and in denying his application under CAT.

On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is RIDA. Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

> [N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal and undoubtedly divests this court of jurisdiction to review this Petition. The Act instructs the district courts to transfer any habeas petitions pending in the district court on the date of the enactment of the Act to the appropriate circuit court to be treated as a petition for review, without regard to whether the habeas petition had been filed within thirty days of the final order of removal, as required for petitions for review under 8 U.S.C. § 1252(b)(1). *See* RIDA § 106(c). This Petition was filed two days prior to enactment of the Act and is therefore subject to transfer.

### III.  Conclusion

For reasons set out herein, the allegations raised in the petition shall be bifurcated. Petitioner's claims related to his continued post-removal-order detention shall be dismissed without prejudice. Petitioner's statutory claims related to the denial of his applications for asylum, withholding of removal, and protection under the CAT shall be transferred to the Fourth Circuit. A separate Order follows.

Date: 10/12/05                                       /s/
                                                  ROGER W. TITUS
                                      UNITED STATES DISTRICT JUDGE